IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

# FILED

AUG 1 8 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

RYAN D. EVANS AND
PAUL A. GIANAMORE

Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION
FILE NO.  02C 0582

Judge Castillo

Magistrate Judge Bobrick

DOCKETED

AUG 1 9 2003

---

## FINAL JUDGMENT AS TO DEFENDANT PAUL GIANAMORE

The Securities and Exchange Commission having filed a Complaint and Defendant Paul Gianamore ("Defendant" or "Gianamore") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant,

Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange

Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in

connection with any tender offer or request or invitation for tenders, from engaging in any

fraudulent, deceptive, or manipulative act or practice, by:

    (a)    purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the
activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or
rule or regulation promulgated thereunder.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is liable for disgorgement of $243,667.17, representing profits gained as a result of the conduct
alleged in the Complaint, together with prejudgment interest thereon in the amount of
$52,717.26, for a total of $296,384.43. Based on Defendant's sworn representations in his
Statement of Financial Condition dated February 18, 2002, his Statement of Financial Condition
dated November 14, 2002, his Statement of Financial Condition dated March 6, 2003, his
Declaration dated November 14, 2002, and other documents and information submitted to the
Commission, the Court is not ordering Defendant to pay a civil penalty and payment of all but
$17,046.98 of the disgorgement and prejudgment interest thereon is waived. The determination
not to impose a civil penalty and to waive payment of all but $17,046.98 of the disgorgement and
pre-judgment interest is contingent upon the accuracy and completeness of Defendant's
Statement of Financial Condition. If at any time following the entry of this Final Judgment, the
Commission obtains information indicating that Defendant's representations to the Commission
concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or
incomplete in any material respect as of the time such representations were made, the
Commission may, at its sole discretion and without prior notice to Defendant, petition the Court
for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment

4

and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

Defendant shall satisfy this obligation by paying $17,046.98 within ten business days to the Clerk of this Court, together with a cover letter identifying Paul A. Gianamore as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the

5

"Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____

**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I certify that on August 18, 2003, I served a copy of the Consent and Stipulation of Defendant Paul A. Gianamore as well as a proposed Judgment by facsimile and first class mail, postage prepaid on:

Corey Rubenstein, Esq.
Stetler & Duffy, Ltd.
Suite 400
140 South Dearborn Street
Chicago, IL 60603
Facsimile: (312) 338-0070

Susan M. Weis
One of the Attorneys for Plaintiff
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-7390

Dated: August 18, 2003